UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTA ARAB,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, Secretary of Homeland Security;<br>PAMELA J. BONDI, Attorney General of the United States;<br>THOMAS P. GILES, Director of Los Angeles Field Office, Bureau of Immigration and Customs Enforcement;<br>JAMES PILKINGTON, Assistant Field Office Director, Adelanto Detention Facility; and<br>DAVID MARIN, Adelanto Detention Facility, California;<br><br>　　　　Respondents. | Case No. 5:26-cv-00286-JWH-DSR<br><br>**ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [ECF No. 2]** |

*Pro se* Petitioner Atta Arab filed a petition for a writ of habeas corpus against Respondents Kristi Noem, Pamela J. Bondi, Thomas P. Giles, James Pilkington, and David Marin (collectively, "Respondents") for unconstitutionally detaining him at his recent check-in at an Immigration and Customs Enforcement ("ICE") field office.[1]

Before the Court is Arab's *ex parte* application for a temporary restraining order ("TRO") compelling his immediate release from ICE detention.[2] Respondents do not oppose.[3] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers of record,[4] the Court **GRANTS** in substantial part Arab's Application, for the reasons set forth below.

## I. BACKGROUND

### A. Factual Allegations

Arab is a citizen and native of Iran.[5] Arab first came to the United States in 1982 as a refugee.[6] In 1992 Arab was arrested and convicted in Illinois on drug-related charges, and he served seven years in prison.[7] In 2015 Arab was convicted of conspiracy charges in federal court, and he served 10 years in prison.[8] Following his federal conviction, Arab's resident card was revoked.[9]

---

[1] Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1].
[2] Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 2].
[3] Resps.' Response to the Petition and the Application [ECF No. 10].
[4] The Court considered the documents of record, including the following papers: (1) Petition; (2) Application; and (3) Response.
[5] Petition 3.
[6] *Id.* at 4.
[7] *Id.*
[8] *Id.*
[9] *Id.*

In December 2019 Arab was ordered to be removed to Iran.[10] That same day, Arab waived his appeal from the order of deportation, thereby making the order of removal final.[11]

In July 2023 Arab was detained by ICE for three months, then he was released under an Order of Supervision pending his removal.[12]

In June 2025 Arab was taken into ICE custody.[13] In November 2025 Arab requested a custody determination, but he does not know the status of his request.[14] Arab is currently in custody at the Adelanto ICE Detention Facility.[15]

**B.  Procedural History**

On January 15, 2026, Arab filed his Habeas Petition and Application for a TRO.[16] Twelve days later, Respondents filed their response.[17] In that document, Respondents stated that they "do not have an opposition argument to present."[18]

## II.  LEGAL STANDARD

To obtain a temporary restraining order, a plaintiff must establish the same elements as when he seeks a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Those elements are:  (1) that he is likely to succeed on the merits; (2) that he is likely to

---

[10]  *Id.*
[11]  *Id.*
[12]  *Id.*
[13]  *Id.*
[14]  *Id.* at 5.
[15]  *Id.* at 3.
[16]  *Id.*; Application.
[17]  Response.
[18]  *Id.* at 1:6–7.

suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *See Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

### III.  ANALYSIS

#### A.  Likelihood of Success on the Merits

The Court finds that Arab is likely to succeed on the merits of his Petition. Through his Petition, Arab alleges that Respondents have violated his Due Process rights. The Court finds that Arab's procedural Due Process rights have indeed been violated.

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), once the 90-day post-removal order period has lapsed, the Government may detain an alien only until "removal is no longer reasonably foreseeable." *Id.* at 699. To encourage uniform administration, the Supreme Court clarified that detention is presumptively reasonable for six months after the 90-day removal period. *See id.* at 701. "After this six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Arab was ordered removed to Iran in 2019. Thus, the 90-day removal period has long lapsed. Arab's immediate detention has lasted since June 2025—a period of seven months. Arab asserts that "DHS has been unable to remove [Arab] to Iran or any other country . . . [because Iran] usually does not issue travel documents . . . or comply with other requests of DHS."[19] The Court finds that Arab has provided good reason to believe that there is no significant

---

[19]   Petition 5.

-4-

likelihood of removal in the reasonably foreseeable future. Thus, the burden shifts to Respondents to present evidence that Arab's removal to a third country is reasonably foreseeable. In the absence of any such argument,[20] the Court finds that Arab is likely to succeed on the merits of his Petition.

### B. Irreparable Harm

The Court finds that Arab is likely to suffer irreparable harm in the absence of preliminary relief. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Here, Arab is in ICE custody, and he has remained in custody without Due Process. Without Due Process, it is possible for Arab to remain in custody indefinitely. Therefore, Arab's Due Process rights have been violated, and he will likely suffer irreparable harm in the absence of a TRO.

### C. Balance of Equities and Public Interest

Finally, the Court finds that the balance of equities tips in Arab's favor and that a TRO is in the public interest. In a case in which "the Government is the opposing party," the third and fourth factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). In connection with a balance-of-the-equities determination, "[t]he government . . . cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023). Furthermore, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Here, the balance of equities favors Arab because Respondents cannot assert that they are being harmed by being enjoined from committing constitutional violations. Likewise,

---

[20] *See generally* Response.

a TRO is in the public interest because it will prevent continued violation of Arab's constitutional rights.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Arab's Application for Temporary Restraining Order [ECF No. 2] is **GRANTED in part** and **DENIED in part**.  The hearing on Arab's Application set for January 28, 2026, is **VACATED**.

2. Specifically, Respondents are **TEMPORARILY ENJOINED AND RESTRAINED** from continuing to detain Arab unless and until a significant likelihood exists that he will be removed.

3. Respondents are **DIRECTED** to release Arab **FORTHWITH**.

4. To the extent that Arab requests other relief in his Application, that request is **DENIED without prejudice**.

5. An Order to Show Cause Hearing on why a preliminary injunction should not issue is **SET** for February 11, 2026, at 2:00 p.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.  Counsel for the parties are **DIRECTED** to appear in person at that date and time.

6. Respondents are **ORDERED** to **SHOW CAUSE** in writing no later than February 6, 2026, why a preliminary injunction should not issue.

7. Arab is **GRANTED** leave to file an optional response no later than 12:00 noon on February 10, 2026.

**IT IS SO ORDERED.**

Dated:  January 28, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE