UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTA ARAB,<br><br>    Petitioner,<br><br>    v.<br><br>KRISTI NOEM, Secretary of Homeland Security;<br>PAMELA J. BONDI, Attorney General of the United States;<br>THOMAS P. GILES, Director of Los Angeles Field Office, Bureau of Immigration and Customs Enforcement;<br>JAMES PILKINGTON, Assistant Field Office Director, Adelanto Detention Facility; and<br>DAVID MARIN, Adelanto Detention Facility, California;<br><br>    Respondents. | Case No. 5:26-cv-00286-JWH-DSR<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR A PRELIMINARY INJUNCTION [ECF No. 2]** |

Petitioner Atta Arab filed a petition for a writ of habeas corpus against Respondents Kristi Noem, Pamela J. Bondi, Thomas P. Giles, James Pilkington, and David Marin for allegedly unconstitutionally detaining him at his recent check-in at an Immigration and Customs Enforcement ("ICE") field office.[1]

Before the Court is Arab's *ex parte* application for a temporary restraining order ("TRO") and preliminary injunction.[2] On January 28, 2026, the Court granted Arab's Application and issued a TRO enjoining ICE from continuing to detain Arab unless and until a significant likelihood exists that he will be removed.[3] In that Order, the Court directed Respondents to show cause in writing why a preliminary injunction should not issue.[4] For the following reasons, the Court **GRANTS** Arab's Application for a preliminary injunction.

## I. BACKGROUND

Arab is a citizen and native of Iran.[5] Arab first came to the United States in 1982 as a refugee.[6] In 1992 Arab was arrested and convicted in Illinois on drug-related charges, and he served seven years in prison.[7] In 2015 Arab was convicted of conspiracy charges in federal court, and he served 10 years in prison.[8] Following his federal conviction, Arab's resident card was revoked.[9]

---

[1] Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1].
[2] Pet.'s *Ex Parte* Appl. for TRO & Prelim. Inj. (the "Application") [ECF No. 2].
[3] Order Granting the Application (the "Order") [ECF No. 12].
[4] *Id.*
[5] Petition 3.
[6] *Id.* at 4.
[7] *Id.*
[8] *Id.*
[9] *Id.*

In December 2019 Arab was ordered to be removed to Iran.[10] That same day, Arab waived his appeal from the order of deportation, thereby making the order of removal final.[11]

In July 2023 Arab was detained by ICE for three months, then he was released under an Order of Supervision pending his removal.[12]

In June 2025 Arab was taken into ICE custody.[13] In November 2025 Arab requested a custody determination, but he does not know the status of his request.[14]

On January 15, 2026, Arab commenced the instant action by filing his petition for writ of habeas corpus and application for a temporary restraining order against Respondents.[15] Twelve days later, Respondents filed their response explaining that they "do not have an opposition argument to present."[16] The Court granted Arab's Application, directed Respondents to release Arab forthwith, and ordered the parties to show cause why a preliminary injunction should not issue.[17]

---

[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.* at 5.
[15] *Id.*; Application.
[16] Response 1:6–7.
[17] *See* Order.

In February 2026 Respondents filed a response explaining that Arab was released from ICE custody and suggested that Arab's Petition is now moot.[18] Arab replied that his Petition is not moot.[19]

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power authorized by Article III of the Constitution and the related statutes Congress has passed. *See Espinoza v. Union of Am. Physicians & Dentists, AFSCME Loc. 206*, 562 F. Supp. 3d 904, 910 (C.D. Cal. 2022), *aff'd*, 2023 WL 6971456 (9th Cir. Oct. 23, 2023) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Standing is a jurisdictional limitation and is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation omitted). A case is moot when: (1) "the issues presented are no longer live"; or (2) the parties lack a "legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). When a case becomes moot, the court is "required to dismiss it." *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997).

## III. ANALYSIS

The Court concludes that the case is not moot. While Respondents are correct that Arab has received his requested relief in the form of his release, the Court is not convinced that Arab's release moots his request for a preliminary injunction, particularly given its non-final nature. "Under Supreme Court and

---

[18] Resps.' Response to Order [ECF No. 17] 2:1–10.

[19] *See generally* Pet.'s Reply to the Order (the "Mootness Reply") [ECF No. 20].

Ninth Circuit precedent, temporary relief, up to and including a petitioner's release, does not render a case moot." *Tang v. Bondi*, 2025 WL 3551381, at *2 (W.D. Wash. Dec. 11, 2025) (concluding that a preliminary injunction ordering the petitioner's release under the holding of *Zadvydas v. Davis*, 533 U.S. 678 (2001), did not moot the petition) (citing *Ortiz Martinez v. Wamsley*, 2025 WL 2899116, at *3 (W.D. Wash. Oct. 10, 2025) (collecting cases)).  Here, unless the Court issues a preliminary injunction, Arab will face the threat of re-arrest and detention upon the expiration of the temporary restraining order.  *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019).  Accordingly, for the same reasons that the Court granted the temporary restraining order, the Court now **GRANTS** a preliminary injunction.  *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Arab's Application for a preliminary injunction is **GRANTED**.

2. Respondents are **PRELIMINARILY ENJOINED** from detaining Arab for the purpose of removing him pursuant to his final removal order unless and until:

    a. Respondents provide the Court with evidence sufficient to show that there is significant likelihood that Arab will be removed in the reasonably foreseeable future;

    b. Arab violates a term of his order of supervision; or

    c. Respondents otherwise obtain the Court's approval.

3. This Order shall remain in effect until further order of the Court.

**IT IS SO ORDERED.**

Dated: February 13, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE